# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LOANDEPOT, INC. DERIVATIVE LITIGATION | Lead Case No. 22-cv-320-CFC |

## STIPULATION AND [PROPOSED] ORDER STAYING ACTION

Plaintiffs Tuyet Vu and Jocelyn Porter (collectively, "Plaintiffs"); Defendants Anthony Hsieh, Patrick Flanagan, Nicole Carrillo, Andrew C. Dodson, John C. Dorman, Brian P. Golson, and Dawn Lepore (collectively, the "Individual Defendants"); and Nominal Defendant loanDepot, Inc. ("loanDepot," or "the Company," and together with the Individual Defendants, "Defendants") jointly submit this Stipulation to Temporarily Stay the Derivative Action ("Stipulation"), and in support thereof state as follows:

**WHEREAS**, on March 11, 2022 and March 25, 2022 Plaintiffs Tuyet Vu and Jocelyn Porter, respectively, filed verified shareholder derivative complaints in this Court (the "Derivative Actions") purportedly on behalf of loanDepot against all Individual Defendants for harm they allegedly caused loanDepot;

**WHEREAS**, on April 5, 2022, the Court consolidated the Derivative Actions for all purposes into the above-captioned shareholder derivative action (the "Derivative Litigation");

1

**WHEREAS**, pending in the United States District Court for the Central District of California is a putative securities class action captioned *Lako v. loanDepot, Inc., et al.*, Case No. 8:21-cv-01449 (the "Securities Litigation"), on which certain allegations and claims in the Derivative Litigation are based;

**WHEREAS**, all Defendants in this action are also named as defendants in the Securities Litigation (the "Securities Litigation Defendants");

**WHEREAS**, on April 4, 2022, the Court ordered, upon a Stipulation of the parties, that the Derivative Litigation shall be temporarily stayed until (1) either the Securities Litigation is dismissed, with prejudice, and all appeals related thereto have been exhausted; or (2) the motion to dismiss the Securities Litigation is denied;

**WHEREAS**, on June 28, 2022, Lead Plaintiffs in the Securities Litigation filed an Amended Consolidated Class Action Complaint ("Amended Complaint") against the Securities Litigation Defendants, asserting alleged violations of Sections 11 and 15 of the Securities Act of 1933, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934;

**WHEREAS**, the Securities Litigation Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint on August 24, 2022, which was fully briefed on November 10, 2022 and taken under submission on December 14, 2022;

**WHEREAS**, on January 24, 2023, the Court issued an Order granting in part and denying in part the Motion to Dismiss;

**WHEREAS**, on January 31, 2023, the parties in the Securities Litigation filed a stipulation in which plaintiffs stated that they would not amend their Amended Complaint;

**WHEREAS**, the Securities Litigation Defendants anticipate moving for summary judgment on all claims in that action; and

**WHEREAS**, the parties believe that continuing the stay of the Derivative Litigation is appropriate.

**THEREFORE**, the parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The Derivative Litigation shall be stayed until the entry of an order resolving any summary judgment motion filed in the Securities Litigation.

2. Any of the Parties to this Stipulation may request that the Court lift the stay upon good cause shown by giving the other party thirty (30) days' notice in writing that they believe that good cause exists to lift the stay and thereafter bringing the matter to the Court's attention and requesting that the stay be lifted.

3. Within thirty (30) days of (1) the entry of an order resolving any summary judgment motion filed in the Securities Litigation or (2) the lifting of the stay in accordance with paragraph 2 of this Stipulation, the Parties in the Derivative Litigation will meet and confer in good faith to determine a schedule for the

Derivative Litigation going forward and will submit a proposed scheduling stipulation for this Court's review and approval.

4. Defendants shall promptly notify Plaintiffs if any shareholder of loanDepot makes a demand on the Company pursuant to 8 *Del. C.* § 220 ("Section 220") to produce documents concerning the conduct alleged in the Derivative Litigation. Defendants shall promptly produce to Plaintiffs any Section 220 documents concerning the conduct alleged in this Derivative Litigation that were produced to any shareholder that made such a Section 220 demand, subject to a mutually agreed-upon confidentiality agreement that governs their use in the Derivative Litigation.

5. While this Derivative Litigation is stayed, in the event that a mediation is held in an effort to settle the Securities Litigation, Defendants will provide Plaintiffs with reasonable advance notice of, and make a good faith effort to allow Plaintiffs to participate in, the mediation. If any other party objects to Plaintiffs' participation in said mediation, then Defendants will mediate separately with Plaintiffs at or about the same time.

6. While this Derivative Litigation is stayed, in the event that a mediation is held in an effort to settle any Related Derivative Action (as defined below), Defendants will provide Plaintiffs with reasonable advance notice of, and make a good faith effort to allow Plaintiffs to participate in, the mediation. If any other party

objects to Plaintiffs' participation in said mediation, then Defendants will mediate separately with Plaintiffs at or about the same time.

7. If the plaintiff in any substantially similar derivative action that also is based on the allegations in the Securities Litigation (a "Related Derivative Action") refuses to agree to a stay of the Related Derivative Action that is for the same or longer duration as the stay in this action, any Party in this case may lift the stay upon giving the other parties' undersigned counsel thirty (30) days' notice in writing via email.

8. If this stay of the Derivative Litigation is lifted, the provisions in paragraphs 4-5 above shall be null and void, and Defendants shall have none of the obligations to Plaintiffs specified in those paragraphs.

9. By entering into this Stipulation, the Parties do not waive any rights, claims, arguments, or defenses of any kind, and no part of this Stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses.

| | |
|---|---|
| Dated: April 12, 2023 | Respectfully submitted, |
| *Of Counsel:* | **FARNAN LLP** |
| **THE ROSEN LAW FIRM, P.A.**<br>Phillip Kim<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>(212) 686-1060<br>pkim@rosenlegal.com | By: */s/ Michael J. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market Street, 12th Floor<br>Wilmington, Delaware 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| **THE BROWN LAW FIRM, P.C.**<br>Timothy Brown<br>767 Third Avenue, Suite 2501<br>New York, New York 10017<br>(516) 922-5427<br>tbrown@thebrownlawfirm.net | *Attorneys for Plaintiffs Tuyet Vu and Jocelyn Porter* |
| *Of Counsel:* | **ROSS ARONSTAM & MORITZ LLP** |
| Craig Varnen<br>Alexander K. Mircheff<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197<br>(213) 229-7000<br>cvarnen@gibsondunn.com<br>amircheff@gibsondunn.com | By: */s/ R. Garrett Rice*<br>Bradley R. Aronstam (Bar No. 5129)<br>R. Garrett Rice (Bar No. 6242)<br>Hercules Building<br>1313 North Market Street, Suite 1001<br>Wilmington, Delaware 19801<br>(302) 576-1600<br><br>*Attorneys for Defendants* |
| Michael Kahn<br>**GIBSON, DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000<br>San Francisco, California 94105-0921<br>(415) 393-8200<br>mjkahn@gibsondunn.com | |

**IT IS SO ORDERED** this _____ day of _____, 2023.

_____
The Honorable Colm F. Connolly